*885*

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. *804-801*                                    DIV. " *K*

### CARLA GRUNBERG WIFE OF/AND SALVADOR GRUNBERG

### VERSUS

### WAL-MART STORES, INC., WAL-MART LOUISIANA, L.L.C., SAM'S EAST, INC., AND ABC INSURANCE COMPANY

FILED: _____

_____
DEPUTY CLERK

### PETITON FOR DAMAGES

The petition of Carla Grunberg wife of/and Salvador Grunberg, both persons of the full age of majority domiciled in the Parish of St. Charles, State of Louisiana, respectfully represents the following:

1.

Made Defendants herein are the following:

a)  Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart"), a foreign corporation licensed to do and doing business in the State of Louisiana, having a domicile address of 1209 Orange Street, Wilmington, DE 19801 with its principle place business at 702 SW 8th Street, Bentonville, Arkansas 72716, and its principal business establishment in Louisiana at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808;

b)  Wal-Mart Louisiana, L.L.C. (hereinafter referred to as "Wal-Mart LA"), a foreign limited liability company licensed to do and doing business in the State of Louisiana, having a domicile address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 with its principle place of business at 702 SW 8th Street, Bentonville, Arkansas 72716, and its principle business establishment in Louisiana at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808;

c)  Sam's East, Inc. (hereinafter referred to as "Sam's"), a foreign limited liability company licensed to do and doing business in the State of Louisiana, having both a domicile address and its principle place of business at 702 SW 8th Street, Bentonville, Arkansas 72716 with its principle

24th E-Filed: 03/03/2020 15:57:55 Case: 804801 Div:K Atty:0018852 ARTHUR D DUPRE JR



Page 1 of 6



business establishment in Louisiana at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808;

d)   ABC Insurance Company (a fictitious name being used until the correct name is determined), which at all times relevant hereto was a foreign insurance corporation authorized to do and doing business in Louisiana, is within the jurisdiction of this Honorable Court, and, which had in full force and effect, a policy of liability insurance in favor of Defendant(s), collectively referred to as Sam's Club, insuring them and their members from liability for the risks sued upon herein.

2.

On or about March 4, 2019, at approximately 6:00 p.m., Petitioner, Salvador Grunberg, as an invitee at the Sam's Club Store (also identified as "Club 8261") located at 455 31st Street in Kenner, Louisiana 70065, had completed his shopping on the grocery side of the store and proceeded to the clothing department located in the interior of the store, when suddenly, unknowingly, and without warning, he slipped and fell on a clear gel substance on the floor and, which had been allowed to remain so for an unreasonable length of time.

3.

The clear gel, which caused the Petitioner to slip and fall, was located in front of the clothing tables and is located within the interior portion of Sam's Club, facility number 8261.

4.

The clear gel, which caused the Petitioner to slip and fall, was situated on the floor in a manner and/or is a color so that it blended in with the floor and was present on the floor of a merchandise aisle so that Petitioner was unable to distinguish it from the floor prior to making physical contact with the clear gel like substance.

5.

The clear gel, which caused the Petitioner to slip and fall was left unattended for an unreasonable period of time and unmarked creating an unreasonable risk of harm.

24th E-Filed: 03/03/2020 15:57:55 Case: 804801 Div:K Atty:001852 ARTHUR D DUPRE JR



6.

After falling and injuring himself, as stated hereinabove, the store manager and an employee picked up Petitioner and sat him in a nearby chair.

7.

An employee of Sam's Club brought the Petitioner a chair and the Petitioner was helped from the floor to the chair.

8.

As a result of the clear gel substance on the floor which was obscured from reasonable view and for which no warning was provided, Salvador Grunberg, through no fault of his own, sustained serious and debilitating injuries including, but not limited to, his neck and back, shoulder, knee, and other injuries related to this slip and fall.

9.

The clear gel substance was present on the floor and allowed to remain on the floor due to the negligence of the Sam's Club employees while in the course and scope of their employment and/or persons under the supervision and direction of Sam's Club, which created a dangerous and hazardous condition causing serious and debilitating injuries to the Petitioner.

10.

As a result of the accident giving rise to this litigation, the Petitioner, Salvador Grunberg, was forced to undergo medical treatment and has suffered and will continue to suffer pain, restrictions and limitations on his activities.

11.

The injuries and damages sustained by the Plaintiff could have been prevented by the Defendants' exercise of reasonable care, which the Defendants, nevertheless, failed to exercise.

24th E-Filed: 03/03/2020 15:57:55 Case: 804801 Div:K Atty:001852 ARTHUR D DUPRE JR

SEAL OF THE CLERK OF COURT
JON A. GEGENHEIMER
01/12/2021 09:04:08 CERTIFIED TRUE COPY - Pg:3 of 7 - Jefferson Parish Clerk of Court - ID:214722

12.

The injuries and damages sustained by Petitioner were caused by the Defendant(s) and/or persons for whom they are responsible in the following, non-exclusive particulars as may be proven at a trial on this matter:

a)      Negligently allowing the clear gel substance to remain on the floor, which posed an unreasonable risk of harm to invitees of the store, such as the Petitioner, Salvador Grunberg;

b)      By negligently failing to keep the clothing area of the store free from hazardous conditions, such as, in this case, a clear gel substance, which the Defendants knew or should have known was present on the floor in the clothing area of the store where it is even further unlikely that a store patron would expect to encounter a gel substance on the floor;

c)      Failing to exercise reasonable care in the performance of its or their duty to discover and remove the condition, which caused Petitioner, Salvador Grunberg, to slip and fall;

d)      Failing to observe the hazardous condition created by allowing the clear gel substance to remain on the floor for an unreasonable period of time;

e)      Failing to act reasonably under the circumstances to avoid an unreasonable risk of harm to invitees, such as Petitioner, Salvador Grunberg;

f)      Failing to have and/or follow appropriate procedures and policies for detection and remedy of conditions like a clear gel substance on the floor, such as that which is complained of herein and which caused Petitioner to fall; and

g)      Any and all other acts of negligence or breach of safety standards, which may be brought out at a trial of this case.

13.

Alternatively, Petitioner maintains that Defendants are strictly liable for the unreasonable risk presented at the business premises created by the clear gel substance within the interior of the Sam's store number 8261, which solely and proximately caused the injuries sustained by Petitioner, Salvador Grunberg.



01/12/2021 09:04:08 CERTIFIED TRUE COPY - Pg:4 of 7 - Jefferson Parish Clerk of Court - ID:214722

24th E-Filed: 03/03/2020 15:57:55 Case: 804801 Div:K Atty:001852 ARTHUR D DUPRE JR

14.

At all times pertinent hereto, the clear gel substance, which was allowed to spill, accumulate, and was left unattended and which was in the exclusive care, custody, and control of the Defendant(s) constituted a vice, defect, or ruin posing an unreasonable risk of harm to Petitioner.

15.

Defendant(s) knew or should have known of the unreasonable risk of harm presented by the clear gel substance posed to invitees and particularly to Petitioner, if, as was in this case, it were left unattended by the employees and/or management of Sam's Club, while the same were within the course and scope of their employment at Sam's Club and /or persons under the supervision and direction of Sam's Club.

16.

The injuries and damages sustained by Petitioner, Salvador Grunberg, could have been prevented by the Defendants' exercise of reasonable care, which the Defendants, nevertheless, failed to exercise.

17.

As a result of the subject accident, Plaintiff has suffered serious and debilitating injuries giving rise to the following damages:

a)  Past, present, and future pain and suffering;

b)  Past, present, and future mental anguish;

c)  Past, present, and future medical expenses;

d)  Past, present, and future loss of enjoyment of life; and

e)  Past, present, and future disability.

18.

Petitioner, Carla Grunberg, Salvador Grunberg's wife, has incurred damages as a result of the aforedescribed accident. Her damages include, but are not limited, to loss of consortium, including, but not limited, loss of services, support, affection and care.

24th E-Filed: 03/03/2020 15:57:55 Case: 804801 Div:K Atty:001852 ARTHUR D DUPRE JR

JON A. GEGENHEIMER

01/12/2021 09:04:08 CERTIFIED TRUE COPY - Pg:5 of 7 - Jefferson Parish Clerk of Court - ID:214722

WHEREFORE, your Petitioners, Carla Grunberg wife of/and Salvador Grunberg pray that the Defendants be duly cited and served with a copy of this Petition and that after due proceedings are had there be judgment herein in favor of Petitioners, Carla Grunberg wife of/and Salvador Grunberg, and against Defendants, Wal-Mart Stores, Inc., Wal-Mart Louisiana, L.L.C., Sam's East, Inc., and ABC Insurance Company, finding them liable jointly, severally and in solido in the amount to be proven at trial, plus legal interest from the date of judicial demand and for all costs of these proceedings.

Respectfully submitted,

LEEFE, GIBBS, SULLIVAN & DUPRE, L.L.C.;

ARTHUR D. DUPRE, LA BAR NO. 1852
One Lakeway Center
3900 North Causeway Boulevard, Suite 1470
Metairie, Louisiana 70002
Telephone: (504) 830-3990
Facsimile: (504) 830-3998

PLEASE SERVE with Interrogatories, Request for Production of Documents and Request for Admissions:

WAL-MART STORES, INC.
through its registered agent for service of process,
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

WAL-MART LOUISIANA, L.L.C.
through its registered agent for service of process,
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

SAM'S EAST, INC.
through its registered agent for service of process,
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

_HOLD SERVICE:_

ABC INSURANCE COMPANY

24th E-Filed: 03/03/2020 15:57:55 Case: 804801 Div:K Atty:001852 ARTHUR D DUPRE JR

